IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RAY HARVISON,

    Plaintiff,

vs.                                                  No. 1:22-cv-01103-JDB-jay

CHRISTY LITTLE,
JODY PICKENS,
ROBERT DUCK,
and
TENNESSEE DEPARTMENT
OF HUMAN SERVICES
CHILD SUPPORT DIVISION,

    Defendants.

## REPORT AND RECOMMENDATION

On May 20, 2022, pro se Plaintiff Ray Harvison ("Plaintiff") filed this Complaint against Christy Little, Jody Pickens, Robert Duck, and the Tennessee Department of Human Services Child Support Division. Docket Entry "D.E." 1. The Complaint was accompanied by a Motion for Leave to Proceed in forma pauperis. D.E. 3. On July 6, 2022, the Court granted Plaintiff leave to proceed in forma pauperis D.E. 9. This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to conduct a screening of the Complaint because Plaintiff sought and received in forma pauperis status. Because the facts giving rise to Plaintiff's claims fall beyond the statute of limitations, the Defendants all enjoy immunity

from suit, and the *Rooker-Feldman* Doctrine applies, the Magistrate Judge **RECOMMENDS DISMISSAL** of all Plaintiff's claims.

## PLAINTIFF'S COMPLAINT

Plaintiff brings this action against four Defendants, levying a total of sixteen claims against them.[1] D.E. 1. The Defendants are: Judge Christy Little, District Attorney General Jody Pickens, Director Robert Duck, and the Tennessee Department of Human Services Child Support Division who Plaintiff refers to as "IV-D Agency." D.E. 1.

The Complaint alleges various claims against these actors in relation to the proceedings against him seeking child support. These claims include federal question claims such as 42 U.S.C. § 1983 violations, procedural and substantive due process violations, 18 U.S.C. § 514 violations, and 31 U.S.C. § 3720 violations. The Complaint also includes state law causes of action such as trespass to chattels, unjust enrichment, fraud, breach of fiduciary duty, negligent infliction of emotional distress, and a claim of respondeat superior.

All of Plaintiff's claims stem from state court rulings in a child support action. Plaintiff complains that a state court required Plaintiff to provide a DNA sample in order to determine paternity; the state allegedly failed to provide proper notice of the proceedings against him, and Plaintiff makes various complaints against the existence and management of the state's Title IV-D child support program. D.E. 1.

## SCREENING STANDARDS

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)    is frivolous or malicious;

---

[1] The Complaint lists seventeen claims, but the numbering of those claims is incorrect. There are only sixteen claims. D.E. 1.

      (ii)    fails to state a claim on which relief may be granted; or

      (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to

3

comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Under § 1915(e)(2)(B), the Court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." *Bumpas v. Corr. Corp. of America,* No. 3:10–1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)). Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999).

## **ANALYSIS**

The Magistrate Judge recommends a finding that this case be dismissed on multiple grounds. As an initial matter, Plaintiff cannot bring an action for damages against the Tennessee Department of Human Services Child Support Division (who Plaintiff refers to as IV-D Agency). The Eleventh Amendment is an absolute bar to the imposition of liability upon States and their agencies. *Bey v. Ohio*, No. 1:11-CV-01048, 2011 WL 4007719, at *2 (N.D. Ohio Sept. 9, 2011) citing *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir.2005); *Bouquett*

*v. Clemmer*, 626 F.Supp. 46, 48 (S.D.Ohio 1985).

Next, Plaintiff's case should be dismissed in its entirety because the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. This doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotations omitted). This doctrine applies where the plaintiff complains of "an injury allegedly caused by the state court decision itself . . . ." *Brent v. Wayne County Dept. of Human Servs.*, 901 F.3d 656, 674 (*citing McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)).

Here, Plaintiff is claiming injury from state court rulings in the child support action and is asking this Court to change those rulings. Insofar as he complains that he was unfairly required to provide a DNA sample, required to pay child support, seeks a refund of child support payments already made, or requests that any child support arrearages be eliminated, the claims all stem from the state court judgment obligating Plaintiff to pay child support. The requested relief effectively asks the court to review and reject that judgment. Under *Rooker-Feldman*, this court has no jurisdiction to grant such relief. *See Jackson v. Peters*, 81 F. App'x 282, 285–86 (10th Cir. 2003); *Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB-GEB, 2019 WL 1915563, at *2 (D. Kan. Apr. 30, 2019). The "federal district courts 'do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme] Court.' " *Jackson*, 81 F. App'x at 285–86 (affirming dismissal of action challenging judgment regarding child support obligations) (quoting *Johnson v. Rodrigues*, 226 F.3d 1103, 1108 (10th Cir. 2000)). Plaintiff's claims are "inextricably intertwined" with the

5

state court decisions in his child support case because they "assert injuries based on the [state court decisions] and, for [him] to prevail, would require the district court to review and reject those [decisions]." *See Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007). This deprives the court of subject matter jurisdiction over Plaintiff's claims because they either seek to overturn the state court decisions or pursue damages from these Defendants for actions taken in compliance with those decisions.

While these grounds are adequate for complete dismissal of this case, there are myriad additional reasons for dismissal. The Magistrate Judge will examine some of these additional reasons for dismissal as follows, while acknowledging that this list is in no way exhaustive:

**Count 1**

Plaintiff first alleges that Madison County General Sessions Court Judge Christy Little conducted an unreasonable search and seizure in violation of the 4th Amendment and 42 U.S.C. § 1983 when she ordered Plaintiff to submit DNA for testing. Plaintiff alleges that Judge Little ordered DNA testing on March 11, 2010, and again in August 2020.

"In all actions brought under § 1983 alleging a violation of civil rights or personal injuries, the state statute of limitations governing actions for personal injuries is to be applied." *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir.1986). Following this rule, the applicable limitations period in Tennessee is one year. *See* Tenn.Code Ann. § 28–3–104(a)(1). Federal law, however, controls the determination of when a civil rights action accrues. *See Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir.1984). In *Sevier,* this court concluded as follows: "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 273 (citations omitted). *See also Hughes v. Vanderbilt Univ.*, 215

6

F.3d 543, 548 (6th Cir. 2000).

This case was filed on May 20, 2022, and given that the latest testing was ordered in August 2020, and that Plaintiff was aware of the order at that time, this cause of action is clearly time-barred. Plaintiff has failed to state a claim upon which relief may be granted and thus Count 1 of Plaintiff's Complaint does not survive screening.

## Count 2

Plaintiff next alleges a denial of procedural due process in violation of the Fourteenth Amendment of the Constitution and 42 U.S.C. § 1983 on the part of Defendants Little, Pickens, and IV-D Agency. Plaintiff alleges that Defendant IV-D Agency "sent summons without a complaint alleging the violation of a legal right and damage, depriving the plaintiff of his right to have proper notice." ECF No. 1, p. 23. Plaintiff alleges that "Defendants Little and IV-D Agency denied the Plaintiff of his right to an unbiased tribunal, as the magistrate acted as a representative, agent, employee, and/or contractor on behalf of the IV-D Agency." ECF No. 1, p. 23. Under "Facts Alleged" Plaintiff states that he received a summons "[o]n or about February 2010." ECF No. 1, p. 5. Plaintiff also states he was summoned to appear on May 10, 2012, and November 14, 2013. ECF No. 1, pp.6-7.

As set forth above, actions brought under § 1983 alleging a violation of civil rights or personal injuries have a one-year statute of limitations. Plaintiff filed this case on May 20, 2022. Because none of the summonses mentioned in Plaintiff's Complaint were received within one year of the date Plaintiff filed his case, Plaintiff has failed to state a claim upon which relief may be granted. Count 2 does not survive screening.

## Count 3

Plaintiff alleges the conduct of Defendants Little, Pickens, and IV-D Agency "constituted

7

an invasion of the right to privacy and equal protection of the law in violation of the Fourteenth Amendment of the United States Constitution." Plaintiff alleges that Defendants Little and Title IV-D Agency "infringed upon Plaintiff's right to privacy to raise his children as he saw fit," and Plaintiff claims denial of equal protection of the law as an unwed father. Plaintiff alleges this denial of substantive due process in violation of the Fourteenth Amendment of the Constitution and 42 U.S.C. § 1983.

This § 1983 claim is subject to the one-year statute of limitations discussed above. Plaintiff's allegations state that in February 2010 Plaintiff gave the DNA sample to Judge Little out of fear and due to threats. His allegations regarding Defendant Pickens and Title IV D Agency start in September 2020 when Plaintiff alleges he went to Defendant Pickens' office. As part of this meeting, Plaintiff alleges he told Defendant Pickens that "he did not consent to services and wanted the harassment and embarrassment to stop and for his office to stop sending mail to incorrect addresses." Plaintiff also "asked if 'Title IV D services were voluntary" and states that Pickens did not respond. ECF No. 1, p. 10.

"The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 273 (citations omitted). *See also Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000). While Plaintiff's allegations are vague and conclusory, it is nevertheless clear that Plaintiff was on notice of Defendant Little's actions by February 2010 and knew or had reason to know of Defendant Pickens' alleged actions, at the latest, in September 2020 meeting. Because Plaintiff waited to file his Complaint until May 20, 2022, Count 3 is time-barred and does not survive screening.

**Count 4**

In Count Four, Plaintiff alleges that Defendant IV-D Agency "used the threat of fines, seizures of property, and imprisonment against the Plaintiff to force performance of an obligation" and as a result "failed to protect the Plaintiff's right to be free from involuntary servitude and violated the Plaintiff's clearly established Thirteenth Amendment rights." ECF. No. 1, p. 25. Count Four purports to pertain to all Defendants, yet Plaintiff makes no allegations other than against "Defendants Title IV-D Agency." This claim is wholly undefined and stated entirely as a legal conclusion. While, as set forth above, pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, the Court is not required to conjure up unpled allegations. *See Bey v. Ohio,* No. 1:11-CV-01048, 2011 WL 4007719, at *3 (N.D. Ohio Sept. 9, 2011); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985). Threadbare conclusory statements such as these are not sufficient to meet the pleading standards of Rule 8. *Iqbal*, 129 S.Ct. at 1949. Plaintiff has not included any facts to suggest a basis for a Thirteenth Amendment claim. Moreover, as set forth above, the Tennessee Department of Human Services Child Support Division is immune from suit. For these reasons, Count 5 does not survive screening.

**Count 6**

Count 6 alleges that "Defendants [sic] Little entered wage garnishments in excess of 50% of the Plaintiff's disposable income without contractual basis to for [sic] the garnishments" and "The Defendants [sic] Little knowingly entered wage garnishments the Plaintiff did not consent to or sign for" in violation of 31 U.S.C. § 3720D. That statute lays out the garnishment procedure to be followed by "the head of an executive, judicial, or legislative agency that administers a program that gives rise to a delinquent nontax debt owed to the United States." § 3720D(a). Even if an action may be brought under this statute, it only applies to garnishments to collect nontax debts

owed to the United States. 31 U.S.C. 3720D(a). Here, Plaintiff is seeking to recover allegedly improper wage garnishments for child support. Therefore, the claim is subject to dismissal.

### Count 7

This Count, citing 18 U.S.C. § 514 and providing little else, is based on a criminal statute. Plaintiff has no standing to initiate a criminal action in federal court. "[A] private citizen[ ] has no standing to initiate federal criminal prosecutions." *Keyter v. 535 Members of 110th Congress*, 277 Fed. Appx. 825, 827 (10th Cir. May 13, 2008); *Tucker v. FBI Head Quarters*, No. 19-13626, 2020 WL 4006760, at *2 (E.D. Mich. Feb. 26, 2020), report and recommendation adopted, No. 19-13626, 2020 WL 2059866 (E.D. Mich. Apr. 29, 2020).

### Counts 10, 14 and 16

Plaintiff again alleges violations of the Fourteenth Amendment and as exhaustively explained above, these counts do not survive the one-year statute of limitations. Additionally, the allegations are vague and conclusory and thus deficient under Rule 8.

### State Law Claims

28 U.S.C. § 1367(a) provides for supplemental jurisdiction over "claims that are so related to claims in the action within [original] jurisdiction that they form part of the same case or controversy . . . ." A district court may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
> 28 U.S.C. § 1367(a)

Count 5 (Coercion), Count 8 (Trespass to Chattels), Count 9 (Unjust Enrichment), Count

11 (Fraud), Count 13 (Breach of Fiduciary Duty), Count 15 (Negligent Infliction of Emotional Distress), and Count 17 (Vicarious Liability), to the extent that they allege a claim, allege state law claims. Because the Magistrate Judge recommends dismissal of Plaintiff's claims insofar as they rely on federal law, the Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over these state law claims. *See Doe v. Sundquist*, 106 F.3d 702, 708 (6th Cir. 1997) ("We deem it prudent to allow the Tennessee courts to decide the purely state law issues").

## CONCLUSION

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Williams v. City of Memphis*, No. 14-2767-JDT-TMP, 2015 WL 808456, at *7 (W.D. Tenn. Feb. 25, 2015) (citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Pursuant to the *Rooker-Feldman* Doctrine, and for all other reasons discussed, Plaintiff's Complaint warrants dismissal under both § 1915(e)(2)(B) and Rule 12(b)(1).

Plaintiff's meritless action in seeking to shirk his child support obligations is sadly not novel. In *Dubay v. Wells*, the court observed:

> Although Dubay couches his claim in the language of the Equal Protection Clause, the theory of the plaintiff in this case has its roots in a concept of substantive due process that has been soundly rejected by other courts, including the Sixth Circuit over two years before Dubay filed his lawsuit. *See Hedges,* 391 F.3d at 836. After affirming the dismissal of the claim, the *Hedges* court took the additional step of affirming an award of attorney fees against the plaintiff in that case. The court there proclaimed: "The plaintiff presents simply a novel legal theory, a theory that would invalidate the paternity and child support laws of the fifty states and the federal acts on child support. The theory is that unwed fathers, as a matter of reciprocity, should also be given the choice to deny any financial responsibility for the child's existence. It is a theory so foreign to our legal

11

> tradition that it has no 'foundation,' no chance of success. We cannot imagine that any federal court would agree with plaintiff's principle that the concept of 'procreative privacy' should be stretched to include the constitutional right for a father to receive the constitutional equivalent of the termination of the mother's pregnancy by allowing him the right to deny paternity and deny the duty of financial support." *N.E. v. Hedges,* 391 F.3d 832, 836 (6th Cir. 2004).
>
> This Court likewise finds that the amended complaint in this case is frivolous, unreasonable, and without foundation and seeks to advance a theory that is foreign to the legal principles on which it is ostensibly based. The message that such a claim not only is without foundation but would subject its proponent to the costs of defending against it was sent by the *Hedges* court, to be ignored by a putative plaintiff at his peril.

*Dubay v. Wells*, 442 F. Supp. 2d 404, 415–16 (E.D. Mich. 2006), *aff'd,* 506 F.3d 422 (6th Cir. 2007).

Accordingly, the Magistrate Judge recommends that this Court **DISMISS** Plaintiff's Complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted this 3rd day of March, 2023.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**