IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RAY HARVISON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 1:22-cv-01103-JDB-jay |
| CHRISTY LITTLE, JODY PICKENS, ROBERT DUCK, and TENNESSEE DEPARTMENT OF HUMAN SERVICES CHILD SUPPORT DIVISION | ) ) ) ) ) ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION AND ORDER OF DISMISSAL

This matter is before the Court on objections by Plaintiff, Ray Harvison, to the Report and Recommendation issued by Magistrate Judge Jon A. York. (Docket Entry ("D.E.") 13.) For the following reasons, Plaintiff's objections are OVERRULED, and the Court ADOPTS the Report and Recommendation.

Plaintiff filed his *pro se* complaint on May 20, 2022. (Docket Entry ("D.E.") 1.) In his action, Harvison lodged sixteen claims against four Defendants, Judge Christy Little, Jody Pickens, Robert Duck, and the Tennessee Department of Human Services Child Support Division. (*Id.*) Specifically, he asserted common law claims, federal civil rights claims pursuant to 42 U.S.C. § 1983 and the Fourth, Thirteenth, and Fourteenth Amendments to the United States Constitution, and federal claims arising under 18 U.S.C. § 514 and 31 U.S.C. § 3720. In accordance with Administrative Order No. 2013-05, the lawsuit was referred to Magistrate Judge Jon A. York for management of all pretrial matters. Pursuant to 28 U.S.C. § 1915(e)(2)(B), Judge York screened

the complaint to determine whether it contained any claim on which relief could be granted. In a Report and Recommendation entered March 3, 2023, Judge York recommended that the complaint be dismissed in its entirety. (D.E. 11.) Specifically, he concluded that the complaint should be terminated because the Court lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, the facts giving rise to Plaintiff's claims fell beyond the statute of limitations, and all Defendants have immunity from suit. (*Id.* at 124-25.) Plaintiff submitted exhaustive objections to the Report and Recommendation on March 22, 2023. (D.E. 13.)

Pursuant to 28 U.S.C. § 636(b)(1), any objections or exceptions to the Report and Recommendation were due by March 17, 2023. A party waives review of his claims by the district court when he fails to timely object to a magistrate judge's report after being informed of his failure to do so. *Thomas v. Arn*, 474 U.S. 140, 151 (1985); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Because Harvsion was advised of the deadline to file objections and failed to meet it, the Court may simply adopt the Report and Recommendation and dismiss the complaint without any review of his untimely objections. *Cf. Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445, 450 (6th Cir. 2007) (concluding that a district court is "under no obligation" to address untimely objections to a report and recommendation). "The district court is not required to review—under a *de novo* or any other standard—those aspects of the magistrate judge's report and recommendation to which no objection or no timely objection is made." *Anders v. Shelby Cnty.*, No. 16-CV-02775-SHM-CGC, 2017 WL 4005453, at *4 (W.D. Tenn. Sept. 12, 2017) (citing *Thomas*, 474 U.S. at 150); *see also Jones v. Smith*, 46 F.3d 1131 (6th Cir. 1995) (affirming the district court's adoption of the magistrate judge's report and recommendation where objections were submitted one day after the prescribed period). Despite untimeliness being a sufficient

ground for dismissal of the complaint, the Court will nonetheless address Plaintiff's objection to the application of the *Rooker-Feldman* doctrine in brief. *See generally United States v. Ardd*, No. 2:16-CR-20094-SHM, 2017 WL 4119588, at *1, n.2 (W.D. Tenn. Sept. 18, 2017) (exercising "discretion to consider . . . objections" that are untimely), *aff'd*, 911 F.3d 348 (6th Cir. 2018).

The *Rooker-Feldman* doctrine prohibits federal district courts from "consider[ing] 'cases brought by state-court losers complaining of injuries caused by state-court judgments . . . .'" *Larry E. Parrish, P.C. v. Bennett*, 989 F.3d 452, 455-56 (6th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The doctrine is derived from 28 U.S.C. § 1257, which 'vests sole jurisdiction' to 'conduct[] appellate review of final state-court judgments' in the Supreme Court." *Id.* (quoting *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012)). To ascertain whether the doctrine applies, the Court "look[s] to the 'source of the injury the plaintiff alleges in the federal complaint.'" *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). Furthermore, "[t]o determine the source of a plaintiff's injury, a court must look to the requested relief." *Larry E. Parrish, P.C.*, 989 F.3d at 456 (citing *VanderKodde*, 951 F.3d at 402).

Harvison's sixteen claims all arise from the collection of his DNA to establish paternity and state court judgments entered in 2010, 2012, 2013, and 2021 obligating him to pay child support. (D.E. 1.) He asserts the entry of these orders violated procedural due process by denying "his right to an unbiased tribunal," substantive due process by failing to give him "a hearing on fitness afforded to all other parents whose custody of their children is challenged by the State," and the Thirteenth Amendment by forcing him to pay child support under "threat of fines, seizures of property, and imprisonment . . . ." (*Id.* at PageID 22-25.) He further insists that these orders

3

and his obligation to pay child support created illegal wage garnishment in contravention of 31 U.S.C. § 3720D, violated 18 U.S.C. § 514—a criminal statute—and various other state and common law doctrines. (*Id.* at PageID 25-35.) He seeks damages in excess of $1,000,000 for injuries allegedly inflicted by these state court orders. (*Id.* at PageID 35-36.)

Plaintiff objects to the applicability of *Rooker-Feldman*, arguing that "child support actions are administrative procedures used to enforce child support orders or income withholding orders and are not state court rulings." (D.E. 13 at PageID 141.) Harvison is correct that "*Rooker-Feldman* 'applies only when a state court renders a *judgment*,'" and "does not apply to 'ministerial' actions by court clerks." *VanderKodde*, 951 F.3d at 402 (quoting *Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 892-93 (6th Cir. 2020)). However, by challenging the state court child support orders, he is demanding appellate review of final state court judgments. "Because resolution of [Harvison's] federal claims would require the district court to reject the state-court child-support order[s]," the Court finds that the *Rooker-Feldman* doctrine applies. *Rouse v. Nessel*, No. 21-1630, 2022 WL 13631916, at *2 (6th Cir. July 11, 2022). Based on that conclusion, the Court lacks jurisdiction. *See VanderKodde*, 951 F.3d at 402.

Because his objections were untimely and the *Rooker-Feldman* doctrine applies, the Court hereby ADOPTS the Report and Recommendation and DISMISSES the complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(1).

IT IS SO ORDERED this 28th day of April 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE