IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| RAY HARVISON, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTY LITTLE, JODY PICKENS, ROBERT DUCK, and TENNESSEE DEPARTMENT OF HUMAN SERVICES CHILD SUPPORT DIVISION <br><br> Defendants. | Case No.: 1:22-cv-01103-JDB-jay |

ORDER DENYING PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT, DENYING PLAINTIFF'S MOTION TO REOPEN PURSUANT TO RULE 6(b), and DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OF PLAINTIFF'S STATE LAW CLAIMS

Before the Court is the May 26, 2023, motion of pro se Plaintiff, Ray Harvison, seeking to alter or amend the Court's judgment dismissing his complaint pursuant to Federal Rule of Civil Procedure 59(e).[1] (Docket Entry "D.E." 17.)  For the reasons set forth below, Plaintiff's motion is DENIED.

Plaintiff filed his complaint on May 20, 2022.  (D.E. 1.)  In his action, Harvison lodged sixteen claims against four Defendants, the Tennessee Department of Human Services Child Support Division,[2] Judge Christy Little, Jody Pickens, and Robert Duck.  (*Id.*)  Specifically, he

---

[1] Harvison filed a notice of appeal on May 30, 2023.  Pursuant to Federal Rule of Appellate Procedure 4(a)(4), however, his appeal will be held in abeyance until resolution of the present motion.  Fed. R. App. P. 4(a)(4); (D.E. 21.)

[2] Plaintiff refers to the Tennessee Department of Human Services Child Support Division ("TDHS") as the "IV-D Agency" throughout his complaint and objections.  (D.E. 1; 13.)  Title IV-D of the Social Security Act requires all states to have a child support program. *See* 42 U.S.C. §

asserted common law claims, federal civil rights claims pursuant to 42 U.S.C. § 1983 and the Fourth, Thirteenth, and Fourteenth Amendments to the United States Constitution, and federal claims arising under 18 U.S.C. § 514 and 31 U.S.C. § 3720. His contentions arose from circumstances surrounding petitions to establish paternity and various child support orders entered by the juvenile courts of Madison County, Tennessee and Rutherford County, Tennessee in connection with three children. (*See* D.E. 1 and attachments.) In accordance with Administrative Order No. 2013-05, the lawsuit was referred to Magistrate Judge Jon A. York for management of all pretrial matters. Pursuant to 28 U.S.C. § 1915(e)(2)(B), Judge York screened the complaint to determine whether it contained any claim on which relief could be granted. In a Report and Recommendation ("Report") entered March 3, 2023, Judge York recommended that the complaint be dismissed. (D.E. 11.) Specifically, he concluded that the lawsuit should be terminated because the Court lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, the facts giving rise to Plaintiff's claims fell beyond the statute of limitations, and all Defendants had immunity from suit. (*Id.* at PageID 124-25.) Plaintiff submitted exhaustive and untimely objections to the Report and Recommendation on March 22, 2023. (D.E. 13.) The Court adopted the Report, dismissed the complaint (D.E. 15) and entered judgment on May 1, 2023. (D.E. 16.)

A motion to alter or amend judgment may be granted only if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *General Motors, LLC v. FCA US, LLC*, 44 F.4th 548 (6th Cir. 2022) (quoting *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014)). "Rule 59(e) motions 'serve a

---

654. "The Tennessee Department of Human Services is the authorized state agency for the enforcement of the child support program in the State of Tennessee under Title IV-D of the Social Security Act." Tenn. Comp. R. & Regs. 1240-02-04-.01 (2022).

limited purpose.'" *McClanahan v. State Farm Life Ins. Co.*, No. 122CV01031STAJAY, 2023 WL 3587556, at *1 (W.D. Tenn. May 22, 2023) (quoting *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009)).  They are "not intended to be utilized to relitigate issues previously considered." *Ford v. Specialized Loan Servicing, LLC*, No. 216CV02414JPMTMP, 2018 WL 3589110, at *1 (W.D. Tenn. June 6, 2018)  (quoting *Am. Copper & Brass, Inc. v. Halcor S.A.*, 494 F. Supp. 2d 873, 874 (W.D. Tenn. 2007)).  In his motion, Harvison argues that adopting the Report and Recommendation on the grounds that Plaintiff's objections were untimely and for application of the *Rooker-Feldman* doctrine[3] was a clear error of law.  (D.E. 17.)[4]  A clear error of law occurs "where the original ruling 'overlooked or disregarded' some 'argument or controlling authority' or where the moving party 'successfully points out a manifest error . . . .'" *Jackson v. Ford Motor Co.*, No. 15-cv-01180, 2016 WL 4533028, at *1 (W.D. Tenn. Mar. 21, 2016) (quoting *United States v. Ladeau*, No. 3:10-CR-0024201, 2012 WL 58338125, at *2 (M.D. Tenn. Nov. 15, 2012)).

---

[3] See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).  "The Rooker–Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[4] Harvison directly addresses his failure to submit timely objections in a separately filed "Motion to Reopen Pursuant to Rule 6(b)(1)(B)" at D.E. 18.  "Under Rule 6(b), where the specified period for performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is . . . [because] 'of excusable neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993) (quoting Fed. R. Civ. P. 6(b)(1)(B)).  Similarly, Rule 60(b)(1) "permits courts to reopen judgments for reasons of 'mistake, inadvertence, surprise, or excusable neglect' . . . ." *Id.* at 393 (quoting Fed. R. Civ. P. 60(b)(1)).  Although both rules use the term, Rule 6 allows the district court to permit late filings for excusable neglect "on motion made after time has expired . . . ." Fed. R. Civ. P. (b)(1)(B).  Rule 60 allows the court to reopen the case upon "motion and just terms" for excusable neglect.  Fed. R. Civ. P. 60(b)(1).  Plaintiff's motion, however, only relies upon Rule 6. (D.E. 18 at PageID 176.)  Because this order thoroughly examines his untimely objections, any Rule 6 motion to permit late filing is moot.

Importantly, "[t]he district court is not required to review—under a de novo or any other standard—those aspects of the magistrate judge's report and recommendation to which no objection or no timely objection is made." *Anders v. Shelby Cnty.*, No. 16-CV-02775-SHM-CGC, 2017 WL 4005453, at *4 (W.D. Tenn. Sept. 12, 2017) (citing *Thomas v. Arn*, 474 U.S. 141, 150 (1985)). Harvison failed to object to the Report and Recommendation's findings regarding "Count 1" and "Count 7" of his complaint and as such these claims remain DISMISSED and the motion to alter or amend judgment on these matters is DENIED.

Plaintiff also asserts that the three petitions to establish paternity filed against him are "inconsistent with [the] requirements of constitutional standing" and that he is justified in bringing an "independent action[]" against "prior State Court judgments entered by a State Court that lacked subject matter or personal jurisdiction." (D.E. 17-1 at PageID 164-65.) He failed to raise this argument in his complaint or in his objections to the Report and Recommendation. (*See* D.E. 1, 13.)[5] "[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sont/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)). Thus, the Court will only address Plaintiff's arguments regarding the inapplicability of *Rooker-Feldman*.

Harvison primarily relies on *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397 (6th Cir. 2020) and *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006). (D.E. 17-1 at PageID 162-64.) In "Issue One," Plaintiff provides an excerpt from Chief Judge Sutton's concurrence in

---

[5] In the "Facts Alleged" section of his complaint, Plaintiff states that a "petitioner is not required to provide a verified complaint alleging an injury in fact," but he does not include any argument from this assertion. (D.E. 1 at PageID 19.)

4

*VanderKodde* to define "Rooker Feldman applicability[.]" (D.E. 17-1 at PageId 162.) In that concurrence, Chief Judge Sutton provided a critique of the expansion of *Rooker-Feldman* from its narrow applicability into "an inscrutable abstention doctrine . . . ." *VanderKodde*, 951 F.3d at 406. In "Issue Two," Harvison relies on *McCormick* to further narrow when *Rooker-Feldman* applies. (D.E. 17-1 at PageID 163-64.) Specifically, he argues that the doctrine does not apply to his claims that the state court judgments were obtained through fraudulent and otherwise unconstitutional means. (*Id.*; *cf. McCormick*, 451 F.3d at 392 ("Plaintiff does not claim that the state court judgments themselves are unconstitutional or in violation of federal law. Instead, Plaintiff asserts independent claims that those state court judgments were procured . . . through fraud, misrepresentation, or other improper means . . . .").). Admittedly, Harvison is correct, at least in part. Although his claims all stem from circumstances surrounding the state court child support orders, only some challenge the judgments themselves and ask the Court to "undo" or "overturn" them. *Hohenberg v. Shelby Cnty.*, 68 F.4th 336, 340 (6th Cir. 2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 n.2, 293 (2005)).

*Hohenberg*, which was decided after judgment was entered and before Harvison's present motion, is instructive. Writing for a unanimous panel, Chief Judge Sutton elaborated on his *VanderKodde* concurrence making clear that *Rooker-Feldman* "is an 'exceedingly narrow' limitation on the jurisdiction of district courts, rarely relevant beyond the unusual fact patterns involving Rooker and Feldman." *Id.* at 339 (quoting *VanderKodde*, 951 F.3d at 400)). Reversing the lower court in part, the Sixth Circuit determined that *Rooker-Feldman* did not apply to the claims of two homeowners suing the Shelby County Environmental Court and the county itself. *Id.* at 340-42. The claimants brought a § 1983 claim against the court and the county asserting

violations of their rights under the Fourteenth Amendment's Due Process Clause. *Id.* at 338.  The circuit based its holding first on the finding that the "[c]laimants' injuries [did] not stem from state-court judgments" but instead from "ancillary litigation expenses[,]" "delay-inducing fumble[s,]" and "independent policy missteps by the County . . . ." *Id.* at 340 (internal quotation marks omitted). Second, the circuit concluded that the plaintiffs "do not seek 'review and rejection' of state-court judgments" considering that their requested relief was "damages and a declaratory judgment." *Id.* (quoting *Exxon*, 544 U.S. at 284).

Plaintiff's complaint raises sixteen claims,[6] three of which, "Count 8," "Count 9," and "Count 10," are barred by *Rooker-Feldman*.  First, Harvison claims that Defendants' actions "constituted deprivation of private property without due process of law." (D.E. 1 at PageID 27.) Although he does not precisely identify what property he has been deprived of, the gist of his suit focuses on child support orders entered against him requiring him to pay.  Next, he asserts that the TDHS has been unjustly enriched "through the enforcement of its IV-D program." (*Id.* at PageID 28.)  Finally, Plaintiff brings a § 1983 claim averring that by being ordered to pay child support, he was deprived of his "right to exercise freedom of contract in violation of the Fourteenth Amendment . . . ." (*Id.* at PageID 29.)  Harvison argues in each of these claims that the entry of state-court judgments ordering him to pay child support injured him and he seeks damages as relief.  (*Id.* at PageID 36.)   Although *Hohenberg* determined that *Rooker-Feldman* was inapplicable in part because of the relief requested, the circuit based this finding on the fact that the "Environmental Court did not award anyone monetary relief" and "a complaint demanding

---

[6] There are seventeen numbered claims in the complaint, but there is no "Count 12." (D.E. 1.)

'compensatory damages' does not 'seek review or reversal' of a court order awarding relief not measured by money." *Hohenberg*, 68 F.4th at 341 (quoting *Kovacic v. Cuyahoga Cnty. Dep't of Child & Fam. Servs.*, 606 F.3d 301, 309-310 (6th Cir. 2010)). Because Plaintiff challenges "injuries caused by state-court judgments[,]" which awarded monetary relief, and now seeks monetary damages, these claims are barred by the doctrine. *Id.* at 339 (quoting *Exxon*, 544 U.S. at 284). Although *Rooker-Feldman* is inapplicable to the other thirteen claims, they all remain meritless for the reasons set forth in the Report and Recommendation, which the Court adopted in full after Plaintiff submitted untimely objections. (D.E. 11, 15.)

All claims against District Attorney Pickens, Judge Little, and the TDHS are barred by immunity. "[T]he 'Eleventh Amendment bars suits against a state or its agencies in federal court[.]'" *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 732 (6th Cir. 2022) (quoting *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 681 (6th Cir. 2018)). This immunity extends to "arm[s] of the State," but not to "political subdivisions like counties." *Laborers' Int'l Union of N. Am., Loc. 860 v. Neff*, 29 F.4th 325, 330 (6th Cir. 2022). Plaintiff objects that "[t]he Title IV-D agency under the umbrella of the Tennessee Department of Human Services is a private entity and does not qualify for Eleventh Amendment Immunity." (D.E. 13 at PageID 141.) Courts have consistently concluded that the TDHS is an arm of the state and thus immune from suit. *See, e.g.*, *Giorgio v. Tenn. Dep't of Hum. Servs.*, No. 95–6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996) (citing Tenn. Code Ann. § 4-3-1201) ("The DHS is an arm of the State of Tennessee . . . ."); *Thomas v. Tenn. Dep't of Hum. Servs.*, No. 3:21-CV-00426, 2022 WL 2286780, at *2, n.4 (M.D. Tenn. June 23, 2022) ("The Tennessee DHS is an 'arm of the state' and therefore treated as the State, for purposes of sovereign-immunity analysis."); *Hornberger v. Tennessee*, 782 F. Supp.

7

2d 561, 566-67 (M.D. Tenn. 2011) ("DHS is an arm of the state. Thus, DHS cannot be sued unless its sovereign immunity is validly abrogated or waived.")  Because the TDHS is entitled to sovereign immunity, all claims against it remain DISMISSED and Plaintiff's motion to alter or amend judgment with respect to these claims is DENIED.  (D.E. 11 at PageID 127.)[7]

Next, Harvison's claims against Christy Little, Madison County General Sessions and Juvenile Court Judge, also fail because Judge Little is entitled to judicial immunity.  "This immunity is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit." *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tenn.*, 63 F.4th 510, 518 (6th Cir. 2023).  "A plaintiff can overcome judicial immunity in only two circumstances: 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Savoie v. Martin*, 673 F.3d 488, 492 (6th Cir. 2012) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).  Indeed, "[s]tate judges enjoy absolute immunity from liability under 42 U.S.C. § 1983" and the "immunity exists even where a judge acts corruptly or with malice." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (citing *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)).

Requiring Harvison to submit DNA to prove paternity, giving allegedly deficient notice of proceedings against him, and the entering of child support orders are all judicial actions and Tennessee state law provides jurisdiction for these actions.  *See* Tenn. Code Ann. § 24-7-112 ("In any contested paternity case . . . the court or the department of human services in Title IV-D child support cases, shall order the parties to submit genetic tests to determine the child's parentage . . .

---

[7] Harvison names the TDHS in Counts 2-4, 6-11 and 15-17.  (D.E. 1.)

."); Tenn. Code Ann. § 37-1-104(d)(1)(A) ("The juvenile court has concurrent jurisdiction and statewide jurisdiction . . . to order support for minor children and shall have statewide jurisdiction over the parties involved in the case."); *see also Joy v. Burchyett*, No. 1:21-CV-1190-STA-JAY, 2022 WL 3656858, at *3 (W.D. Tenn. July 5, 2022), *report and recommendation adopted*, No. 121CV01190STAJAY, 2022 WL 3652670 (W.D. Tenn. Aug. 24, 2022).  Because Judge Little acted in a judicial capacity and with jurisdiction explicitly contemplated by Tennessee law, all claims against her remain DISMISSED and Plaintiff's motion to alter or amend judgment with respect to these claims is DENIED.[8]

"[P]rosecutorial immunity is similar to judicial immunity in that it applies to instances where the prosecutor is acting in his official capacity." *Joy*, 2022 WL 3652670, at *3 (citing *Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976)).  The immunity "applies 'so long as the general nature of the action in question is part of the normal duties of a prosecutor,' even when that immunity 'bar[s] § 1983 suits from arising out of even unquestionably illegal or improper conduct by the prosecutor." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 719, 725 (6th Cir. 2011) (quoting *Cady v. Arenac Cnty.*, 574 F.3d 334, 340 (6th Cir. 2009)).  Although the immunity most commonly arises in the criminal context, "as long as the prosecutors were functioning in an enforcement role and acting as advocates for the state in initiating and prosecuting judicial proceedings, they are entitled to an absolute immunity defense." *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000).

Harvison alleges that Pickens' actions "constituted a denial of procedural due process . . . ." (D.E. 1 at PageID 22) and violated his "right to privacy and equal protection of the law" in

---

[8] Harvison names Little in Counts 1-11, 13 and 15. (D.E. 1.)

9

contravention of the Fourteenth Amendment.  (*Id.* at PageID 23.)  Plaintiff offers scant factual evidence to support his allegations.  He states that he met with the District Attorney in September 2020 and indicated his refusal to pay child support.  (*Id.* at PageID 10.)  He further asserts that in March 2021 he "was defaulted and determined to be the biological father" in a paternity action but failed to receive proper notice of this hearing.  (*Id.*)  Thus, to the extent that Harvsion is seeking § 1983 damages from Pickens in connection with his role initiating and prosecuting child support actions, his claims must fail.  *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (quoting *Cooper*, 203 F.3d at 947) ("The immunity also extends beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in 'initiating . . . judicial proceedings.'").

Harvison only names the TDHS, Judge Little, and District Attorney Pickens in Counts 2, 3, 5, 6, and 17.  Plaintiff's motion to alter or amend judgment with respect to these claims is DENIED.  (D.E. 1 at PageID 22-24, 25-26, 34.)

Next, Judge York recommended the dismissal of Counts 14 and 16 as time-barred and deficient under Rule 8 of the Federal Rules of Civil Procedure.  (D.E. 11 at PageID 133.)  Specifically, he determined that these claims failed to meet Rule 8's standards as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  (*See id.*)  "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).  The Court draws inferences in favor of the plaintiff and a complaint meets Rule 8's requirements when its "factual content . . . allows the court to draw the reasonable

10

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

Importantly, "[a] document filed *pro se* is 'to be liberally construed[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Despite being "held 'to less stringent standards,'" *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (declining "to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants"). Despite the leniency afforded to pro se filings, Counts 14 and 16 of Harvison's complaint, as the Report indicated, fail to meet the requirements of Rule 8.

In Count 14, Harvison brings a failure to intervene claim alleging that Defendant Robert Duck was "on notice of the Plaintiff's rights being violated" and "acted with indifference to resolve the issue." (D.E. 1 at PageID 32.) In Count 16, Plaintiff includes a failure to train or supervise contention against Duck and the TDHS. (*Id.* at PageID 33.) Other than conclusory statements, Plaintiff provides no factual support linking Duck to these assertions. He objects that the Report fails to state "what was vague and conclusory about the allegations" and contends simply that the "[c]omplaint complies" with Rule 8. (D.E. 13 at PageID 140.) Still, Harvison merely "offers 'labels and conclusion' [and] 'a formulaic recitation of the elements of a cause of action . . . .'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-57). Thus, Plaintiff's motion to alter or amend judgment with respect to Counts 14 and 16 is DENIED.

11

The Report likewise recommended that Count 4 be dismissed for failure to state a claim and on the basis of sovereign immunity. (D.E. 11 at PageID 132.) There, Harvison raised a Thirteenth Amendment claim alleging that the actions of Defendants "constituted involuntary servitude . . . ." (D.E. 1 at PageID 24.) Judge York noted that the claim "is wholly undefined and stated entirely as a legal conclusion" and that Plaintiff makes "makes no allegations other than against" the TDHS. (D.E. 11 at PageID 132.) Harvison objects, seeking an opportunity to amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, though he does not detail what the amendment might contain. (D.E. 13 at PageID 142.)

"Plaintiff is not the first to attempt to use the Thirteenth Amendment . . . to challenge state-imposed child support . . . ." *Adams v. Cnty. of Calhoun*, No. 1:16-CV-678, 2018 WL 1324465, at *2 (W.D. Mich. Mar. 15, 2018), *aff'd sub nom. Adams v. Calhoun Cnty.*, No. 18-1867, 2019 WL 3501815 (6th Cir. Apr. 24, 2019). "Like those before him, Plaintiff's theory fails" and indeed "[t]here is no comparison between paying court-ordered child support and compulsory, involuntary servitude." *Id.* Furthermore, as the Report found, Harvison did not present any facts that would support a Thirteenth Amendment claim. (D.E. 11 at PageID 131-32.) He levied allegations only against the TDHS, an entity that, for the reasons set forth above, is immune from suit. Finally, Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has indicated that leave to amend should be granted unless there is some "apparent or declared reason" not to. *Forman v. Davis*, 371 U.S. 178, 182 (1962). One such reason is that the amendment would be futile. *Id.* "[A] 'proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.'" *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp.*

12

*v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).  Because Thirteenth Amendment challenges to child support orders have consistently failed and Harvison only makes allegations against the TDHS which is immune from suit, the Court fails to see how any amendment could sustain a Thirteenth Amendment claim.  Therefore, Plaintiff's motion to alter or amend judgment with respect to this claim is DENIED.

As the Court has dismissed each of Plaintiff's federal claims, only state law claims remain.  A federal court may exercise supplemental jurisdiction over matters that it does not otherwise have jurisdiction to hear pursuant to 28 U.S.C. § 1367(a).  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005).  However, it "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  When all underlying federal law claims have been dismissed, the court "should not ordinarily reach the plaintiff's state-law claims."  *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).  Therefore, the Court declines to exercise supplemental jurisdiction over Harvison's state law claims.

For the foregoing reasons, Plaintiff's motions to alter or amend judgment pursuant to Rule 59(e) and to reopen pursuant to Rule 6(b)(1)(B) are DENIED.  As a result, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

IT IS SO ORDERED this 17th day of July 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE